FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTY H., | No. 4:25-CV-5076-SAB |
|      Plaintiff, | |
|      v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | **ORDER AFFIRMING THE DECISION OF COMMISSIONER** |
|      Defendant. | |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by Melissa DelGuercio and Brian M. Donovan. Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 10, and the Commissioner's Brief, ECF No. 14.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Jurisdiction**

On July 25, 2022, Plaintiff filed an application for disability insurance benefits and proactively for supplemental security income, alleging disability

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 1**

beginning October 31, 2017. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on July 5, 2024, a telephonic hearing was held.[1] Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Chad Hatfield. K. Diane Kramer, vocational expert, also participated. The ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on April 22, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 26, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

---

[1] At the hearing, Plaintiff amended the alleged onset date to January 1, 2020 and requested a close period decision through June 30, 2023.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 2**

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 3**

they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 4

supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the hearing, Plaintiff testified that she struggled to work full-time due to her anxiety and panic attacks. She stated she has pain and numbness in her hands. She testified that she can only type and write for a couple of minutes. She can grip the steering wheel of a vehicle for about five minutes and then she has to switch hands. She testified she could sit or stand for about five minutes before she had to switch to sitting or standing. She testified that she has to shift her position about every four minutes when she is driving.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 19-32.

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity from July 2023 on but found there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity from January 2022 through June 2023. AR 21.

At step two, the ALJ identified the following severe impairments: degenerative disc disease; osteoarthritis of the bilateral fingers; bilateral carpal tunnel syndrome; obesity; bipolar disorder; anxiety disorder; and attention deficit hyperactivity disorder (ADHD). AR 22.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 5**

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 22. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except with the following limitations: ability to alternate positions from stand/walk to sit, including stand/walk 1 hour at a time for 6 hours per workday and sit 30 minutes at a time for 6 hours per workday; bilateral push/pull up to 2/3 of the workday; handle and finger frequently but not constantly; able to understand, remember, and carry out simple and multistep tasks; engage in superficial interaction (defined as tangential but not collaborative) with the public, coworkers, and supervisors; and work in a primarily independent work setting.

AR 24.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. AR 30.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including mail clerk, routing clerk and collator operator. Consequently, the ALJ found Plaintiff was not disabled from January 1 2020 through July 5, 2024. AR 32.

## VI.  ISSUES

1.  Did the ALJ properly evaluate the medical evidence?
2.  Did the ALJ properly evaluate Plaintiff's subjective complaints?
3.  Did the ALJ conduct a proper Step Five analysis?

## VII.  Discussion

### 1.  Evaluation of Plaintiff's testimony

Plaintiff testified that she was unable to perform any work.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 6

claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

The ALJ noted that while the record supported the limitations contained in the RFC, it did not support Plaintiff's claims that she was unable to work. The ALJ gave clear and convincing reasons for so concluding. The ALJ noted that while there were instances of tenderness, reduced grip strength and positive Phalen's and grind tests, the record also included normal findings for gait, strength, sensation, and range of motion, as well as negative Tinel and straight leg testing. Another examination found that Plaintiff could rise from a seated position, was able to make a fist, could pick up a paperclip, intact sensation, and full strength and range of motion. Plaintiff also reported she could cook and perform most of the chores around the house. The ALJ properly considered Plaintiff's activities that were inconsistent with her symptom testimony in finding her less than credible.

The ALJ's rejection of Plaintiff's testimony that she could not engage in full-time work because of her physical impairments is supported by substantial

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 7**

evidence in the record.

With respect to her mental impairments, the ALJ provided clear and convincing reasons for rejecting Plaintiff's claims that she is unable to work. The ALJ noted that at times, Plaintiff reported poor memory, poor concentration, poor organization, poor time management, low energy, depression, anxiety, anger, irritability, panic attacks, mood swings, sleep disturbances and difficulty with stress, but during treatment Plaintiff reported improved concentration, improved energy, improved mood, normal sleep, good adjustment to stress, intact ability to engage in work, and overall better mental health. The ALJ noted that Plaintiff was able to shop for groceries, provide childcare and manage her medications.

The ALJ's rejection of Plaintiff's testimony that she could not engage in full-time work because of her mental health impairments is supported by substantial evidence in the record.

### 2.  Evaluation of the Medical Evidence

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 8

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

### 1. **Annette McClendon, ARNP**

The ALJ found Ms. McClendon's opinion not persuasive because her opinion was not supported by the evidence. Ms. McClendon opined that Plaintiff could work full-time but would need an accommodation of being able to leave her work up to 8 hours a time once every 10 days.

The ALJ noted the opinion was based on Plaintiff's diagnoses but lacked objective findings or detailed clinical explanation. It found the identified accommodation was inconsistent with the record, especially given treatment notes that documented improved concentration, mood, and energy with medication, as well as Plaintiff's daily activities and eventual return to full-time work. The ALJ's evaluation of Ms. McClendon's opinion is consistent and supported by the record.

### 2. **Gina Turner**

Gina Turner was Plaintiff's mental health provider. She provided a letter on August 19, 2020, indicating Plaintiff was capable of no greater than part-time work due to her bipolar II disorder, ADHD, and generalized anxiety disorder, with severe anxiety when attempting to work full-time. Ms. Turner noted Plaintiff was currently undergoing a high level of stress due to an impending divorce. Ms. Turner opined that Plaintiff had limitations with concentration, managing and

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 9**

keeping appointments and difficulty focusing.

In finding Ms. Turner's opinion not persuasive, it noted that the opinion was limited in time, was conclusory and did not provide specific functional limitations. The ALJ noted that Ms. Turner relied on Plaintiff's mental impairment diagnoses but did not include additional information to support her opinion, and the terms she used were vague. Finally, the ALJ found Ms. Turner's opinion inconsistent with the record.

The ALJ's evaluation of Ms. Turner's opinion is proper.

### 3.    Dr. Kristen Nester, MD

Dr. Nester evaluated Plaintiff in 2017. The ALJ found Dr. Nester less persuasive because it was issued in 2017, before the relevant period.

The ALJ found this opinion was contradicted by later evidence of improved mental functioning, and Plaintiff's ability to perform work and daily tasks. The ALJ's conclusions are supported and consistent with the record.

### 3.  The ALJ's RFC

Here, the ALJ properly formulated Plaintiff's residual functional capacity based on the relevant evidence in the record as a whole. Because the ALJ's hypothetical question to the vocational expert mirrored the RFC, the ALJ properly relied on the expert's testimony to find that Plaintiff could perform work in the national economy.

### VIII. Conclusion

The ALJ's decision that Plaintiff was not disabled during the period in question is supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 14, is **GRANTED**.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 10

3.    The decision of the Commissioner is **affirmed**.

4.    Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 11